IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAYLEE CHEEK, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT GARRETT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS MOTION TO STRIKE AND MOTION TO QUASH<br><br><br>Case No. 2:10-CV-508 TS |

## I. INTRODUCTION

The Department of Child and Family Services employee's—Kyle Garrett, Mark Hollingshead, Melissa Moss and Douglas Spencer ("DCFS Defendants")— move to quash service of process and move to strike Plaintiffs' unauthorized memoranda in opposition to their Motion to Quash. The DCFS Defendants' Motions are two of several pending motions in this multiple defendant civil rights case. The Court grants the DCFS Defendants' Motion to Strike Plaintiffs' unauthorized memoranda in opposition because Plaintiffs were entitled to file only one memorandum opposing the Motion to Quash and Plaintiffs did not seek approval from this Court before filing their unauthorized second

1

memoranda. The Court grants the DCFS Defendants' Motion to Quash because the requirements for service of process under Rule 4 were not met through service of process upon a secretary at the DCFS office building and because Plaintiffs cannot use Rule 5(b)(1) to circumvent Rule 4 service of process requirements.

## II. BACKGROUND

In their Complaint, Plaintiffs name thirty-one separate Defendants[1] and allege numerous civil rights violations for actions taken by state, county and city officials.[2]

Plaintiffs allege that they are the victims of persecution from a conspiracy orchestrated by Iron County Attorney, Scott Garrett, and including the DCFS.[3] Plaintiffs allege that Scott Garrett formed the conspiracy to retaliate, harass, intimidate, and threaten Plaintiffs, for refusing to accept plea bargains and defending against the states trumped up allegations.[4] As a result of the conspiracy, Plaintiffs claim to have suffered deprivations of their rights, including the allegedly illegal removal of Plaintiffs' children by DCFS.[5]

On June 1, 2010, Plaintiffs' process server, David Doddridge, attempted to serve the DCFS Defendants by delivering four copies of the Summons and Complaint for this

---

[1] *See* Docket No. 2.

[2] *Id.* ¶¶ 230-231.

[3] Docket No. 2, at 2.

[4] *Id.*

[5] *See id.* ¶¶ 149-219.

case to Candace Davis, a volunteer secretary for DCFS.[6] Plaintiffs allege that Candace Davis "got the approval of management, staff or the assistant attorney back in the office," before accepting service of process.[7] In her Declaration, Candace Davis states that the DCFS Defendants did not provide her with permission to accept service on their behalf and she did not represent to David Doddridge that she was an agent authorized to accept service.[8]

On June 2, 2010, Plaintiffs counsel served a copy of the Summons and Complaint on two Assistant Attorney Generals, Thom Roberts and Mark Thomas.[9] In addition, Plaintiffs provided a courtesy copy of the Complaint to Kathryn Holt, an Assistant Attorney General, whom Plaintiffs allege is local counsel for DCFS.[10]

On August 2, 2010, the DCFS Defendants brought their Motion to Quash filed with a supporting memorandum.[11] On August 9, 2010, Plaintiffs filed their memorandum in opposition to the DCFS Defendants Motion to Quash[12] and the DCFS Defendants filed

---

[6]Docket No. 32, at 1; Docket No. 42, at 1-2.

[7]*Id.* at 2.

[8]Docket No. 46, Ex. B.

[9]Docket No. 42, at 2.

[10]*Id.*

[11]*See* Docket Nos. 31 & 32.

[12]*See* Docket No. 42.

3

their reply memorandum in support of the Motion to Quash.[13] Subsequently, on August 23, 2010, Plaintiffs filed an additional reply memorandum in opposition to the DCFS Defendants' Motion to Quash.[14]

The DCFS Defendants claim that Plaintiffs have improperly filed a reply memorandum in opposition to Defendants Motion to Quash and request that this unauthorized memorandum be stricken. Further, the DCFS Defendants argue that the service of process was inadequate because (1) service upon the DCFS secretary at the DCFS office building, nor (2) service on the assistant Attorney Generals, complies with Rule 4 of the Federal Rules of Civil Procedure and, therefore, should be quashed.[15]

Plaintiffs contend that they have properly served the DCFS Defendants by (1) leaving the summons and complaint with a secretary at the DCFS Defendants' office and (2) serving the summons and complaint on two Assistant Attorney Generals.[16]

Thus, at issue is whether Plaintiffs improperly filed an additional reply memorandum which should be stricken and whether service upon the DCFS secretary and assistant Attorney Generals failed to meet the requirements of Rule 4 of the Federal Rules of Civil Procedure, and therefore, should be quashed.

---

[13]*See* Docket No. 46.

[14]*See* Docket No. 50.

[15]Docket No. 32, at 3; Docket No. 46, at 6 n.2.

[16]Docket No. 42, at 1-2.

## III. DCFS DEFENDANTS' MOTION TO STRIKE

The DCFS Defendants have moved to strike what they allege is an unauthorized reply memorandum in opposition to their Motion to Quash.[17] The Plaintiffs have not filed a memorandum in opposition to the DCFS Defendants' Motion to Strike.

This Court has previously held that, "Utah Federal Courts allow three types of memoranda relating to a motion for summary judgment: (1) a memorandum in support, (2) a memorandum in opposition, and (3) a reply. No additional memoranda will be considered without leave of court."[18] Utah Federal Court Rules allow the same number of memoranda for all other motions as for summary judgment motions.[19] In this case, Plaintiffs filed a second memorandum in opposition to the DCFS Defendants' Motion to Quash without permission from the Court. Because this second memorandum is not in compliance with Utah Federal Court Rules for filing memorandum and because Plaintiffs did not seek the Courts permission to avoid compliance, Plaintiffs' second memorandum will be stricken.

It is further noted that the Court reviewed the arguments made in Plaintiffs' second opposition memorandum and found them to be without merit. The arguments included in the unauthorized memoranda failed to demonstrate compliance with Rule 4

---

[17]Docket No. 52, at 2-3.

[18]*Anastasion v. Credit Service of Logan, Inc.*, 2010 WL 2754846, at *1 (D. Utah July 12, 2010) (citing *Orient Mineral v. Bank of China*, 2010 WL 624868, at *2 (D. Utah Feb 19, 2010)).

[19]DUCivR 7-1(b)(3).

of the Federal Rules of Civil Procedure to validate service of process against the DCFS Defendants.

## IV. DCFS DEFENDANTS' MOTION TO QUASH

The DCFS Defendants appear specially to argue that service of process was inadequate and should be quashed.[20] Plaintiffs contend that service was adequate because an experienced and qualified process server affected service on "an agent designated by law and by the [DCFS] office, Candice [sic] Davis,"[21] and because Plaintiffs' counsel affected service on two Assistant Attorney Generals, whom Plaintiffs allege, are agents for DCFS and for the Governor's office.[22]

Federal Rule of Civil Procedure 4(e) governs service of process to initiate a lawsuit and allows service on an individual by:

> doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[23]

In this case, Plaintiffs did not deliver a copy of the Summons and the Complaint to the DCFS Defendants personally nor did they leave the Summons and Complaint at

---

[20]*See* Docket No. 31.

[21]Docket 42, at 1.

[22]*Id.* at 2.

[23]Fed. R. Civ. P. 4(e); *see also Bierly v. Hirata*, 2009 WL 2916752, at *2 (D. Utah Sept. 8, 2009) aff'd, 368 F. App'x. 895 (10th Cir. 2010).

6

their usual place of abode. Plaintiffs contend that service was proper under Rule 4(e)(2)(C), delivery to an agent authorized by appointment or by law.[24] Service was first attempted on June 1, 2010, by Mr. Doddridge, who went to the DCFS office and represented himself to be a process server to the DCFS volunteer secretary, Candace Davis.[25] Plaintiffs allege that Ms. Davis did not know whether she could accept service and asked "Mr. Doddridge to wait while she got the approval of management, staff or the assistant attorney back in the office," before accepting service of process.[26] Even if this allegation is true, however, the attempted service fails to comply with the applicable rules governing service because Ms. Davis was not an agent authorized to accept service and Plaintiffs have not shown otherwise.[27]

Plaintiffs also raise the novel argument that the DCFS Defendants were validly served under Federal Rule of Civil Procedure 5(b)(1). Rule 5(b)(1) states that if a party is represented by an attorney, service ... must be made on the attorney unless the court orders service on the party.[28] Plaintiffs' reliance on Rule 5(b) is misplaced as it does not

---

[24] Fed. R. Civ. P. 4(e).

[25] Docket No. 42, at 1.

[26] *Id.*, at 2.

[27] Docket 32, at 2; *see also Allison v. Utah County Corp.*, 335 F.Supp.2d 1310, 1313 (D. Utah 2004) (leaving copy of summons and complaint with secretary of county commissioner was not effective service upon county); *Bierly*, 2009 WL 2916752, at *3 (D. Utah Sept. 8, 2009) (receptionist at the office of the Attorney General was not authorized to accept service for state defendants).

[28] Fed. R. Civ. P. 5(b)(1).

7

replace the requirements of Rule 4 for purposes of service of a summons to commence a lawsuit.[29]

Because the DCFS secretary Candace Davis is not an agent authorized to accept service for the DCFS Defendants and because service of process cannot be affected through Rule 5(b)(1) the Plaintiffs have failed to properly serve the DCFS Defendants.

## VI. CONCLUSION

The Court grants the DCFS Defendants Motion to Strike and Motion to Quash. The Motion to Strike is granted because the Utah Federal Court Rules on filing of memoranda make clear that the Plaintiffs were entitled to file only one memorandum opposing the Motion to Quash and the Plaintiffs did not seek approval from this Court before filing their unauthorized memorandum. The Motion to Quash is also granted because (1) service of process upon a secretary at the DCFS office building does not meet the requirements for service of process under Rule 4 and (2) Plaintiffs cannot use Rule 5(b)(1) to circumvent Rule 4 service of process requirements.

Because this case involved service that was improper but curable, the Court will allow the Plaintiffs an opportunity to re-serve the DCFS Defendants.[30] The DCFS Defendants have raised no arguments that improper service resulted in any prejudice or significant inconvenience to their defense of the claims made against them, and therefore,

---

[29]Docket No. 46, at 6 n.2.

[30]*Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10th Cir. 1983).

in order to promote efficiency, the Court direct the Plaintiffs to properly serve the DCFS Defendants within 20 days.

Upon review of the record, the Court finds that a hearing will not materially assist in resolving the motions. It is therefore

ORDERED that the DCFS Defendants' Motion to Strike and Motion to Quash (Docket Nos. 51 and 31) are GRANTED. It is further

ORDERED that the DCFS DEFENDANTS need not appear at the March 14, 2011 hearing set on the remaining pending motions in this case.

DATED March 8, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge