IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAYLEE CHEEK, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT GARRETT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST THE DCFS DEFENDANTS AND DENYING MOTION TO STRIKE AS MOOT<br><br>Case No. 2:10-CV-508 TS |

Plaintiffs move for a default judgment against Defendants Kyle Garrett, Mark Hollingshead, Douglas Spencer, Melissa Moss, and the Iron County Division of Child & Family Services, ("DCFS Defendants").

In their Complaint, Plaintiffs name thirty-one separate Defendants and allege numerous civil rights violations for actions taken by state, county and city officials. Groupings of the Defendants have filed motions to dismiss, to quash and/or to sever. Through this Motion, Plaintiffs seek a Default Judgment against the same Defendants who have filed a Motion to Quash.

1

The Plaintiffs claim that they properly served the DCFS Defendants and that the time in which to file an Answer passed without the DCFS Defendants answering or otherwise appearing, thus entitling them to a Default Judgment. The DCFS Defendants argue that the Court does not have jurisdiction to grant a Default Judgment, as they were not properly served by the Plaintiffs.

The record reveals the following: The Plaintiffs filed their Complaint on May 28, 2010. Plaintiffs allege they served the DCFS Defendants on or about June 1, 2010. On July 27, 2010, Plaintiffs filed the present Motion for Default Judgment against the DCFS Defendants. Their motion was in the form of a series of preprinted "check the box" forms, some with blanks for the clerk of court or the Court's signature.[1] One of those forms incorrectly stated that a certificate of default was entered.[2]

On July 28, 2010, the clerk of court filed a Notice stating that no default certificate could be entered until the issued summons with original returns of service were provided. Plaintiffs attempted to file the summons, and received further direction from the clerk of court on the correct filing procedure.[3] On August 2, 2010, the Plaintiffs filed a Proof of Service for the DCFS Defendants and the DCFS Defendants in turn filed a Motion to Quash Service of Process. On August 9, 2010, the Plaintiffs filed both an opposition to the Motion to Quash and a Request to submit for Decision on their Motion for Default Judgment.

---

[1] Procedures for filing proposed orders are explained in the District of Utah CM/ECF Administrative Procedures Manual. It is available on the court website at www.utd.uscourts.gov under "Rules."

[2] Docket No. 15-2 at 2.

[3] Docket No. 30.

Plaintiffs bring their Motion for Default Judgment "under Utah Rule of Civil Procedure 55." However, the Federal Rules of Civil Procedure, rather than the Utah Rules of Civil Procedure are applicable to this action in federal court.[4] Pursuant to Rule Fed. R. Civ. P. 55(a), prior to obtaining a default judgment, there must be an entry of default. Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process.

In this case, the DCFS Defendants argued that they were not properly served and filed a Motion to Quash Service of Process before a certificate of default was entered. Pursuant to the separate order entered this day, the Court has granted the DCFS Defendants' Motion to Quash because there was no proper service. Accordingly, there can be no default or default judgment. Therefore, the present Motion for a Default Judgment will be denied. It is therefore

ORDERED that the DCFS Defendants' Motion to Strike Plaintiffs' Request to Submit for Decision (Docket No. 48) is MOOT. It is further

ORDERED that Plaintiff's Motion for a Default Judgment against the DCFS Defendants (Docket No. 15) is DENIED. It is further

---

[4] *Boyd Rosene and Associates, Inc. v. Kansas Municipal Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999).

ORDERED that because the Motion for Default Judgment against the DCFS Defendants has been denied, their counsel need not appear at the March 14, 2011 hearing set on the remaining pending motions in this case unless said DCFS Defendants are subject to another motion.

DATED   March 8, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge