IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAYLEE CHEEK, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT GARRETT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS MOTION TO SEVER<br><br>Case No. 2:10-CV-508 TS |

The Cedar City Police Department employees—Robert Allinson, David McIntyre, Christopher Garrison, Matt Topham, Kevin Norrin, David Evans and Justin Zufelt ("CCPD Defendants")—move to sever Plaintiffs' claims.[1] The Court denies the CCPD Defendants' Motions to Sever because, at this stage of the litigation it appears that it will be more efficient for the Court to hear the claims against the Defendants in one trial. If Plaintiffs' Complaint were severed into separate Complaints for each Plaintiff, the Court and the parties could be subjected to the possibility of re-litigating many of the same claims involving the same parties, witnesses, and factual allegations in three separate trials.

---

[1] *See* Docket Nos. 11 & 13.

# I. BACKGROUND

In their Complaint, Plaintiffs name thirty-one Defendants[2] and allege numerous civil rights violations.[3] Plaintiffs allege that Iron County Attorney Scott Garrett orchestrated a conspiracy involving various state, county and city actors, to retaliate, harass, intimidate, and threaten Plaintiffs, for refusing to accept plea bargains and defending against the State's trumped up allegations.[4]

The CCPD Defendants alleged involvement is mostly limited to two traffic stops, which both resulted in arrests. The first occurred before the formation of the alleged conspiracy and involved only Plaintiff Travis Braun.[5] Plaintiffs allege that during a traffic stop on the night of November 20, 2008, Mr. Braun suffered an epileptic seizure and the CCPD Defendants subsequently deployed tasers on Mr. Braun twice, and in the course of physically restraining him, caused him serious injury.[6] Mr. Braun was arrested and booked into the Iron County jail.[7] Mr. Braun alleges he later asked Plaintiff Haylee Cheek for help in defending against charges brought against him as a result of this arrest.[8]

The second traffic stop involved Plaintiff Haylee Cheek and occurred on April 9,

---

[2] *See* Docket No. 2.

[3] *Id.* ¶¶ 230-31.

[4] *Id.* ¶ 2.

[5] *Id.* ¶¶ 142-43.

[6] *Id.* ¶¶ 144-45.

[7] *Id.* ¶¶ 144, 146.

[8] *Id.* ¶¶ 146-47, 158.

2010.[9] According to Plaintiffs, the CCPD Defendants and Iron County Narcotics Task Force ("Task Force") stopped and arrested Ms. Cheek, then took her to the Cedar City Police station where she was interrogated by the Task Force for approximately five hours.[10] Plaintiffs allege that the CCPD Defendants claimed the stop was for a routine traffic violation, while the Task Force claimed it was pursuant to a warrant that the Task Force failed to issue.[11] According to Plaintiffs, Ms. Cheek suffered numerous deprivations of her rights during the course of this interrogation including: being denied access to her attorney; failing to receive her Miranda rights; and being forced to provide blood and urine samples, with a forced catheterization.[12]

Plaintiffs allege that throughout the interrogation Garrett was in the hallway giving advice to the police officers and even requested the warrant for blood and urine and went with the officers to the hospital to obtain the samples from Ms. Cheek.[13] Plaintiffs also allege that, pursuant to an inventory search, Ms. Cheek's car was ransacked: seats, fuse box panels, and dash were taken out; the doors taken apart; and buttons in the dash were broken.[14]

Beyond the two traffic stops, Plaintiffs also claim that several of the CCPD Defendants were involved in other deprivations of Plaintiffs' rights in furtherance of the

---

[9]*Id*. ¶¶ 135, 185.

[10]*Id*. ¶ 191.

[11]*Id*. ¶¶ 186-87.

[12]*Id*. ¶¶ 193-97.

[13]*Id*. ¶¶ 135, 191, 197.

[14]*Id*. ¶¶ 135, 185.

alleged conspiracy. The alleged deprivations include an incident where Mr. Braun's windows and doors were blown in using flash bang grenades, completely destroying his home.[15]

The CCPD Defendants argue the Plaintiffs' claims should be severed because Plaintiff Travis Braun is the only Plaintiff to have any claims against them and his claims involve different factual circumstances and law than the remaining claims.[16] Plaintiffs contend that since the lawsuit alleges that the Defendants are all members of a conspiracy, severance is both "impossible and improbable," as all Defendants are jointly and severally liable for the acts that have transpired.[17]

At issue is whether the Court should grant the CCPD Defendants' Motions and sever the Plaintiffs' claims, despite the allegation that the CCPD Defendants were involved in the alleged conspiracy and deprivation of Plaintiffs' rights.

## II. LEGAL STANDARD

This Court has discretion to sever claims through Rule 21 or to provide for a separate trial under Rule 20(b) and Rule 42(b) of the Federal Rules of Civil Procedure. Rule 21 permits a court to "sever any claim against a party."[18] Rule 20(b) allows the Court to order separate trials "to protect a party against embarrassment, delay, expense, or other prejudice from including a person against whom the party asserts no claim and

---

[15]*Id.* ¶¶ 160-161.

[16]*See* Docket Nos. 12 & 14.

[17]Docket No. 43, at 1-2.

[18]*See* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1689 (3d ed. 2010).

4

who asserts no claim against the party."[19] Lastly, under Rule 42(b) the Court may, "[f]or convenience, to avoid prejudice, or to expedite and economize … order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[20]

The authority granted the Court under Rule 20(b) is a limited version of the same broad grant of discretion to provide for separate trials that is provided in Rule 42(b).[21] Granting a separate trial under Rule 42(b) and severing a claim under Rule 21 are not synonymous procedures, as "[s]eparate trials of claims originally sued upon together usually will result in the entry of one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently."[22]

### III. SEVERANCE OF CLAIMS UNDER RULE 21

The CCPD Defendants argue that the Plaintiffs' claims should be severed under Rule 21, requiring each of the three Plaintiffs to file separate complaints and institute separate actions.[23] Plaintiffs contend that severance would be improper because all Defendants are members of the same alleged system of conspiracy and are jointly and severally liable for each Defendant's actions.[24]

"When determining whether severance is appropriate under Rule 21, the court

---

[19] Fed. R.Civ.P.20(b).

[20] Fed.R.Civ.P. 42(b).

[21] 7 Wright & Miller, *supra* § 1660.

[22] 9A Wright & Miller, *supra* § 2387; *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991).

[23] *See* Docket Nos. 12 & 14.

[24] Docket No. 43 at 1, 16.

5

considers the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic."[25]

The CCPD Defendants argue that it is inconvenient to defend against the current lawsuit because Mr. Braun is the only Plaintiff to have a claim against them and allowing the litigation to proceed in its present form would "impose unnecessary litigation expenses … by requiring that they participate in and review all discovery, regardless of whether the discovery is material to the claims against them."[26] Further, they assert that a single trial would be extremely prejudicial because the allegations made against other Defendants would be imputed to them.[27] The CCPD Defendants also contend that the facts of the case arise under no common transaction or occurrence and the law applicable to the other Plaintiffs is totally dissimilar to that which would govern Mr. Braun's claims against the CCPD Defendants.[28]

If the only claim against the CCPD Defendants were for the actions that occured during Mr. Braun's arrest on the night of November 20, 2008, the CCPD Defendants would likely be inconvenienced and prejudiced by being made to participate in the remainder of the trial. The November 20, 2008, arrest took place before Mr. Braun's alleged involvement with Ms. Cheek and, thus, could not be in furtherance of the alleged

---

[25]*Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.,* 918 F. Supp. 343, 350 (D. Kan. 1996) (citing *Sutton Hill Assocs. v. Landes,* 1988 WL 56710, at *2 (S.D.N.Y. May 25, 1988) and *Spencer, White & Prentis Inc. v. Pfizer Inc.,* 498 F.2d 358, 362 (2d Cir. 1974)).

[26]Docket No. 12, at 3.

[27]*Id.*

[28]*Id*. at 8.

conspiracy because the conspiracy is alleged to be a result of Ms. Cheek's failing to accept a plea bargain.[29]

Plaintiffs, however, have also alleged the involvement of the CCPD Defendants in furtherance of the conspiracy including an arrest of Ms. Cheek on April 9, 2010, and the alleged destruction of Mr. Braun's home.[30] These events allegedly transpired after the formation of the alleged conspiracy and involved both the CCPD Defendants and the Task Force.[31]

This leads to the last factor, promoting expedition and economy. "[I]t poses a considerable problem for the court which, in finding time for the processing of its trial calendars, must be frankly reluctant unnecessarily to remasticate the food that is set before it in such abundance."[32] If the Court were to grant the Motions to Sever under Rule 21, the Court would be presented with three cases in the place of one, with the possibility that each of these cases will involve many of the same allegations, cover the same issues of law, and involve many of the same defendants.

The Court denies the CCPD Defendants' Motions, because severance at this stage of the litigation would not be expeditious and is not warranted based on the factors provided above.

---

[29]Docket No. 2 ¶ 2.

[30]*Id.* ¶¶ 135, 185.

[31]*Id.*

[32]*Eichinger v. Fireman's Fund Ins. Co.*, 20 F.R.D. 204, 208 (D. Neb. Feb. 20, 1957).

7

## IV. SEPARATE TRIAL UNDER RULE 42(b)

The CCPD Defendants do not argue that, in lieu of severance, Rule 42(b) should apply and the Court should grant a separate trial.[33] Instead, the CCPD Defendants treat severance under Rule 21 and a separate trial under Rule 42(b) as the same action.[34] The Plaintiffs' only argument against this Motion is that severance is "impossible and improbable, given the fact that [Defendants] are all jointly and severally liable for the acts that have transpired and continue to transpire."[35] Plaintiffs make no argument as to whether a separate trial should or should not be granted with regard to any of the claims.

Under Rule 42(b) the Court is given broad discretion to grant a separate trial of any kind of issue in any kind of case[36] and the Court may do so on its own motion up until the eve of trial.[37] Under Rule 42(b), the Court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize."[38] Many of the considerations for granting a separate trial under Rule 42(b) are similar to those to grant

---

[33] Docket No. 12, at 6.

[34] *Id.* (citing *Morris v. Northrup Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. Feb. 17, 1999)).

[35] Docket No. 43, at 1.

[36] 9A. Wright & Miller, *supra* § 2389; *see also Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003); *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985).

[37] *Fairchild Stratos Corp. v. General Elec. Co.*, 31 F.R.D. 301, 302 (S.D.N.Y. June 19, 1962); *Creative Home Designs, Inc. v. Fred Francis Builders, L.P.*, 2006 WL 2469379, at *2 (D. Tenn. Aug. 25, 2006).

[38] Fed.R.Civ.P. 42(b); *Hampton v. Dillard Dep't Stores, Inc.*, 18 F. Supp.2d 1256, 1267-68 (D. Kan. Aug. 27, 1998).

severance under Rule 21.[39] When considering separate trials, the considerations of judicial economy, efficiency, and possible prejudice to the parties should guide the Court's exercise of discretion.[40] However, the interest of efficient judicial administration is to be controlling under the rule, rather than the wishes of the parties.[41]

Since the Court can grant a separate trial at its discretion at any time, it reserves granting such until more of the trial issues have been clarified.[42]

## V. CONCLUSION

The Court denies the CCPD Defendants Motions to Sever under Rule 21 because at this early stage of the litigation, it appears that it will most likely be more efficient for the Court to hear the claims against the Defendants in one trial. If Plaintiffs bring their claims separately, the Court could be subjected to the possibility of re-litigating many of the same claims involving the same parties, witnesses, and factual allegations in three separate trials.

Further, the Court reserves granting a separate trial under Rule 42(b) until more of the trial issues have been clarified and the Court can more accurately determine which claims should be tried separately and the prejudice that any of the Defendants may suffer

---

[39]*Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 12 (D.D.C. Aug. 13, 2004).

[40]*Iskowitz v. Cessna Aircraft Co.*, 2009 WL 1151956, at *2 (D. Colo. Apr. 27, 2009).

[41]9A Wright & Miller, *supra* § 2388; *see also Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658 (D. Colo. Feb. 8, 1980).

[42]*See Fairchild*, 31 F.R.D. at 302 (finding that the determination of whether economy and equity would dictate single or separate trial could not be determined at an early stage of the action, but could be explored profitably at a pretrial conference and the decision made after further clarification of trial issues).

as a result of a combined or separate trial.  It is therefore

ORDERED that the CCPD Defendants' Motions to Sever (Docket Nos. 11 and 13) are DENIED.

DATED   March 21, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge