IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAYLEE CHEEK, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT GARRETT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE IRON COUNTY DEFENDANTS' MOTION TO DISMISS<br><br>Case No. 2:10-CV-508 TS |

The Iron County Sheriff's Department, Iron County Attorney's Office ("Iron County Departments"), and Iron County Attorney Scott Garrett move to dismiss Plaintiffs' claims. The Court will grant the Iron County Departments' Motion to Dismiss because they are not legal entities subject to suit and, thus, not "persons" for purposes of 42 U.S.C. § 1983. The Court denies Iron County Attorney Scott Garrett's Motion to Dismiss because under Utah law county attorneys are county, not state officials, and are not entitled to Eleventh Amendment immunity.

I. BACKGROUND

In their Complaint, Plaintiffs name thirty-one separate Defendants[1] and allege numerous civil rights violations.[2] Plaintiffs allege that they are victims of persecution

---

[1]*See* Docket No. 2.

[2]*Id.* ¶¶ 230-231.

1

and have suffered a deprivation of rights from a conspiracy orchestrated by Iron County Attorney Scott Garrett, using various state, county, and city defendants.[3] Plaintiffs allege that Mr. Garrett formed the conspiracy to retaliate, harass, intimidate, and threaten Plaintiffs for refusing to accept plea bargains and defending against the State's trumped up allegations.[4]

The Iron County Departments argue that Plaintiffs' claims against them should be dismissed because they are not "persons" subject to suit under § 1983. Mr. Garrett argues that as an Iron County Attorney he enjoys Eleventh Amendment immunity and is therefore shielded from suit in Federal Court. Plaintiffs contend that the Motion to Dismiss should not be granted because the Defendants are all members of an alleged conspiracy and are all "joint and severally liable for the acts that have transpired and the acts that continue to transpire."[5]

At issue is whether the Iron County Departments are persons subject to suit under § 1983 and whether Iron County Attorney Scott Garrett is entitled to Eleventh Amendment immunity in spite of the Plaintiffs allegation that they are members of a conspiracy and jointly and severally liable.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted.[6] The Court's

---

[3]*Id.* ¶ 2.

[4]*Id.*

[5]Docket No. 43, at 1.

[6]Fed.R.Civ.P. 12(b)(6).

function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the Plaintiffs' complaint alone is legally sufficient to state a claim for which relief may be granted.[7] Thus, the court accepts all well-pleaded factual allegations in a complaint as true and construes them in the light most favorable to the plaintiff.[8] In sum, dismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face.[9]

### III. IRON COUNTY DEPARTMENTS AS "PERSONS"

The Iron County Departments allege that they are not "persons" subject to suit under § 1983 and must be dismissed from this lawsuit. Plaintiffs make no arguments whether the Iron County Departments are "persons" subject to suit under § 1983 in their opposition.[10]

Section 1983 provides a remedy against any "*person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."[11] Only "persons," as defined by the court, are subject to suit under § 1983.[12]

---

[7] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

[8] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *United States ex rel. Conner v. Salina Reg'l Health Ctr., Inc.*, 543 F.3d 1211, 1217 (10th Cir. 2008).

[10] *See* Docket No. 43.

[11] 42 U.S.C. § 1983 (emphasis added).

The term "person" for purposes of § 1983 is not constrained to the literal meaning of the word and for this reason county and local governments are "persons" for purposes of § 1983.[13] "Consequently, local government units 'can be sued directly under § 1983 for monetary, declaratory, or injunctive relief.'"[14] "However, courts have routinely dismissed § 1983 claims brought against legally non-independent units of government entities otherwise subject to suit under § 1983."[15]

The real question turns not on whether the Iron County Departments are "persons" for the purposes of liability under § 1983, but whether the Iron County Departments are legal entities subject to suit.[16] "Sheriff's Departments and police departments are not usually considered legal entities subject to suit,[17] but 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.'"[18] Thus, if the Iron County Departments have the capacity to sue or be sued under

---

[12]*Ambus v. Utah State Bd. of Educ.*, 858 P.2d 1372, 1376 (Utah 1993) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

[13]*Monell v. N.Y. City Dep't. of Soc. Serv.*, 436 U.S. 658, 690 (1978).

[14]*Bauchman ex rel. Bauchman v. W. High Sch.*, 900 F. Supp. 254, 263 (D. Utah Sept. 13, 1995) (citing *Monell*, 436 U.S. at 690).

[15]*Id.*; *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983).

[16]*Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

[17]*See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (Denver Police Department not suable entity), *vacated*, 475 U.S. 1138 (1986) (remanding for consideration of mootness); *vacated as moot*, 800 F.2d 230 (1986).

[18]*Id.* (citing Fed.R.Civ.P.17(b)).

Utah law, they are legal entities subject to suit, and "persons" for purposes of § 1983.[19]

The Iron County Departments have cited cases from other jurisdictions where courts have found sheriff's departments and county attorneys' offices not subject to suit.[20] Although rulings in other states are not authoritative for a case in the State of Utah, the same reasoning applies to subsidiaries of Utah's counties and cities. In the absence of any case law establishing that the Iron County Departments are separate suable entities, the claims against them will be dismissed.

However, the Court notes that Iron County is an entity capable of being sued under § 1983. In the *Martinez v. Winner* case cited by the Iron County Defendants, the § 1983 claims against the Denver City police department were dismissed because it was not a separate suable entity.[21] However, the City of Denver itself remained as a defendant and the claims based on the city police department's policy and procedures were brought against the city itself.[22]

In the present case, to the extent that the Plaintiffs have claims based on the actions of the Iron County Departments, those claims are brought against the County itself, which is a Defendant. Iron County does not move to dismiss at this time.

## IV. MR. GARRETT AND ELEVENTH AMENDMENT IMMUNITY

Iron County Attorney Scott Garrett asserts that he is an officer of the State of Utah and as such is entitled to Eleventh Amendment immunity, which acts as a

---

[19]*Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678 (D. Wis. June 28, 1999).

[20]*See* Docket No. 10, at 2-3 (collecting cases from other jurisdictions).

[21] 77 F.2d at 444.

[22] *Id.*

jurisdictional bar to suits brought against state governments and state officials in Federal Court.[23] Plaintiffs do not directly address whether Mr. Garrett is entitled to Eleventh Amendment immunity, but assert that dismissal is impossible because he is jointly and severally liable under the conspiracy allegation.[24]

Mr. Garrett is correct in stating that Eleventh Amendment immunity bars § 1983 claims against states.[25] However, only states and state officials are entitled to Eleventh Amendment immunity.[26] Mr. Garrett argues that the Utah Constitution supports his assertion that county attorneys are state officials, however, he does not cite case law indicating that a court has found county attorneys in Utah to be state officials.[27] Indeed, this Court addressed the question of whether a county attorney in Utah is a state or county official and ultimately held that Utah law designates county attorneys as county, not state officials.[28]

Also, Mr. Garrett's assertion that the Eleventh Amendment bars all § 1983 claims against state officials is mistaken, as the Eleventh Amendment only bars claims against

---

[23]Docket No. 10, at 3 (*citing Arnold v. McCline*, 926 F.2d 963, 966 (10th Cir. 1989)).

[24]Docket No. 43, at 1-2.

[25]*Quern v. Jordan*, 440 U.S. 332, 342 (1979).

[26]*See Hafer v. Melo*, 502 U.S. 21, 25-26 (1991); *Ky. v. Graham*, 473 U.S. 159, 165-66 (1985).

[27]Docket No. 10, at 3.

[28]*Allison v. Utah Cnt'y Corp. et al.*, 335 F. Supp. 2d 1310, 1316-17 (D. Utah Sept. 14, 2004) (county attorney was not entitled to Eleventh Amendment immunity in her official capacity, since county attorney was properly classified as county officer, rather than state officer).

6

state officials acting in their official capacity.[29] Thus, even if Mr. Garrett were a state official entitled to Eleventh Amendment immunity, this immunity would protect him only in his official capacity because, "the Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983."[30] Plaintiffs have sued Mr. Garrett in both his official and individual capacity.[31]

Because county attorneys in Utah are county not state officials they are not entitled to Eleventh Amendment immunity. For this reason the Court denies Mr. Garrett's Motion to Dismiss.[32]

## V. CONCLUSION

It is therefore

ORDERED that the Iron County Defendants' Motion to Dismiss (Docket No. 7) is GRANTED in part as to the Iron County Sheriff's Department and Iron County Attorneys' Office and DENIED in part as to Iron County Attorney Scott Garrett. It is further

ORDERED that the Plaitniffs' claims against the Iron County Sheriff's Department and the Iron County Attorney's Office are DISMISSED.

DATED March 21, 2011.

---

[29]*Hafer*, 502 U.S., at 25-26.

[30]*Id.*, at 30-31.

[31]Docket No. 2, at 2.

[32]The Court is not considering absolute prosecutorial immunity at this time because it was not raised in the Motion and was only raised at oral argument.

BY THE COURT:

_____
TED STEWART
United States District Judge