IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| HAYLEE CHEEK, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT GARRETT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER AND PLAINTIFFS CHEEK AND CLARK'S MOTION TO STRIKE<br><br>Case No. 2:10-CV-508 TS |

This matter is before the Court on Plaintiffs Haylee Cheek, Shane Clark and Travis Braun's (collectively, "Plaintiffs") Objection to a Decision or Order Denying Plaintiffs' Motion for Default Judgment Against the DCFS Defendants ("Objection").[1] Also before the Court is Plaintiffs Haylee Cheek and Shane Clark's Motion to Strike Filing of Joann Secrist on Behalf of Cheek and Clark.[2] The Plaintiffs' Motions are two of several pending motions in this matter.

---

[1] Docket No. 59.

[2] Docket No. 75.

1

I. BACKGROUND

In their Complaint, Plaintiffs name thirty-one separate Defendants and allege numerous civil rights violations for actions taken by state, county, and city officials.

Plaintiffs allege that they are victims of persecution from a conspiracy orchestrated by Iron County Attorney, Scott Garrett, and the Iron County Division of Child and Family Services ("DCFS"). Plaintiffs assert that Scott Garrett formed the conspiracy to retaliate, harass, intimidate, and threaten Plaintiffs, for refusing to accept plea bargains and defending against the states allegations. As a result of the conspiracy, Plaintiffs allege to have suffered deprivations of their rights, including the allegedly illegal removal of Plaintiffs' children by DCFS.

On July 27, 2010, Plaintiffs moved for a default judgment as to the DCFS, Kyle Garrett, Mark Hollingshead, Douglas Spencer and Melissa Moss (collectively, the "DCFS Defendants"). The basis of Plaintiffs' Motion was that the DCFS Defendants failed to answer or otherwise appear. On August 2, 2010, the DCFS Defendants filed a motion to quash service of process arguing that the Plaintiffs failed to properly serve them with process. The Court entered its Memorandum Decision and Order (the "Order") granting the DCFS Defendants' Motion to Quash and giving Plaintiffs twenty days to properly serve the DCFS Defendants on March 8, 2011.[3] Subsequently, on March 11, 2011, Plaintiffs filed their Objection to a Decision or Order Denying Plaintiffs' Motion for Default Judgment Against the DCFS Defendants.[4]

Meanwhile, during March 2011, counsel Kelly Ann Booth notified the Court that she would be appearing as counsel of record for both Haylee Cheek and Shane Clark. Despite the

---

[3]Docket No. 57.

[4]Docket No. 59.

appearance of new counsel, Ms. Secrist has continued to file documents with the Court on behalf of Plaintiffs Cheek and Clark. As a result, on June 7, 2011, Plaintiffs Cheek and Clark filed a Motion to Strike a number of Ms. Secrist's filings.

## II. DISCUSSION

A. OBJECTION TO DECISION

Plaintiffs claim to bring their Objection pursuant to Fed.R.Civ.P. 46, which states:

> A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.

"Before the enactment of Rule 46, a failure to except to a ruling of the Court resulted in most jurisdictions with a loss of a right on the basis or error of the trial court with respect to that ruling."[5] Today, the practice of taking exception is replaced by the requirements of Rule 46 and "[t]he Rule only requires that a party make known to the Court the ruling it desires and the grounds therefore."[6]

Under the requirements of Rule 46, Plaintiffs have already made their "objection" known through their filing of a response to the DCFS Defendants' Motion to Quash. Thus, for purposes of appeal, Plaintiffs have already objected to the Courts granting of the DCFS Defendants' Motion to Quash and their formal objection is superfluous.

To the extent that Plaintiffs meant for their Objection to act as a Motion to Reconsider, the Court will also address such a request. The Tenth Circuit has made clear that "the Federal

---

[5]*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc*., 99 F.R.D. 99, 100 (D. Va. 1983).

[6]*Id*.

3

Rules of Civil Procedure do not recognize that creature known all too well as the motion to reconsider or motion for consideration."[7] However, "[t]hough there is no such motion mentioned in the Federal Rules of Civil Procedure, the motion is not uncommon in federal practice."[8]

> Generally, a motion for reconsideration . . . may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b).[9]

Here, Plaintiffs filed their Objection three days after the Court entered its Order. Thus, the Court will construe Plaintiffs Objection under Fed.R.Civ.P. 59(e). The Tenth Circuit has recognized the following grounds as warranting a motion to reconsider under Rule 59(e): (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice.[10] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[11]

Plaintiffs object to the Court's Order on two grounds. Plaintiffs seek reconsideration because (1) the DCFS Defendants were properly served and (2) the litigation division filed a

---

[7]*Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

[8]*Above the Belt, Inc*., 99 F.R.D. at 101.

[9]*Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (internal quotations and citations omitted).

[10]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[11]*Id*. (citation omitted).

4

motion to dismiss but forgot to ask to dismiss the DCFS Defendants. Plaintiffs appear to allege that the Court committed clear error in not granting their Motion for Default Judgment and awarding the requested sum of $56,680,000.00.

Plaintiffs' first argument—that the DCFS Defendants were properly served—is merely a repetition of the same arguments that Plaintiffs raised in their prior briefing on the DCFS Defendants' Motion to Quash. Because the Court addressed the same arguments previously in its Order, it declines to address them again here.

Plaintiffs' second argument—that the litigation division filed a motion to dismiss but forgot to ask to dismiss the DCFS Defendants—is premised upon the assertion that the DCFS Defendants were properly served with process. Because the Court found that the DFCS Defendants were not properly served, the DCFS Defendants were not on notice of the need to respond to Plaintiffs' allegations. Thus, the fact that the DCFS Defendants did not file a motion to dismiss is irrelevant in this matter.

Because Plaintiffs have failed to demonstrate sufficient grounds for reconsideration under Rule 59(e), the Court will deny reconsideration to the extent their Objection is construed as seeking such.

B.     STRIKE

Plaintiffs Cheek and Clark have moved the Court to strike Docket Numbers 67, 68, 69, 72 and 73. Plaintiffs Cheek and Clark assert that these documents should be stricken on the grounds that they were filed by Joann Secrist, who no longer represents either Ms. Cheek or Mr. Clark. Ms. Secrist has not made any explanations as to the reason why she continues to file on behalf of Plaintiffs Cheek and Clark.

First, the Court notes that three of the documents that Plaintiffs Cheek and Clark seek to strike are repeated filings of the same request that the Court grant a hearing on Plaintiffs' Objection.[12] This request is now moot and, therefore, Plaintiffs Cheek and Clark's request to strike these documents is denied as moot. Next, the Court notes that the remaining two docket numbers both contain what is alleged to be Plaintiffs' oppositions to Iron County's Motion to Dismiss and the Remaining Iron County Defendants' Motion to Stay Claims of Travis Braun.[13] The Court declines to strike the opposition but will limit its reading of the opposition to address the Motion to Stay Claims of Travis Braun.

Because the filings Plaintiffs Cheek and Clark move to strike are either moot or still have some relevancy to the instant action, the Court will deny their Motion to Strike. However, Ms. Secrist is put on notice that she should not file documents on behalf of individuals she does not represent.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiffs' Objection and Plaintiffs Cheek and Clark's Motion to Strike. It is therefore

ORDERED that Plaintiffs' Objection to a Decision or Order Denying Plaintiffs' Motion for Default Judgment Against the DCFS Defendants (Docket No. 59) is DENIED. It is further

ORDERED that Plaintiffs Cheek and Clark's Motion to Strike (Docket No. 75) is DENIED.

---

[12] See Docket Nos. 67, 69 & 73.

[13] Docket Nos. 63 & 65.

DATED: August 2, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge