IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAYLEE CHEEK, et al.,<br><br>Plaintiffs,<br><br><br>vs.<br><br><br>SCOTT GARRETT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND<br>ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:10-CV-508 TS |

This matter is before the Court on (1) Plaintiffs Haylee Cheek and Shane Clark's ("Cheek and Clark") Motion for Leave to Amend Complaint;[1] (2) the remaining Iron County Defendants, Iron County Attorney Scott Garrett, Deputy County Attorney Jody Edwards, Sheriff Mark Gower, and law enforcement officers Melissa Fritz-Fuller, Dennis Wade Lee, and Skeen's (collectively "Iron County Defendants") Motion to Stay Claims of Plaintiff Travis Braun ("Braun");[2] (3) the Iron County Defendants' Motion to Dismiss Claims of Haylee Cheek and Michael Shane Clark;[3] and (4) the Cedar City Police Department, Robert D. Allinson, David McIntyre, Christopher Garrison, Matt Topham, Kevin Norrin, David Evans, and Justin Zufelt's

---

[1]Docket No. 85.

[2]Docket No. 65.

[3]Docket No. 63.

1

(collectively "Cedar City Defendants") Motion for Summary Judgment on the Claims of Plaintiffs Cheek and Clark.[4]

For the reasons discussed more fully below, the Court will grant Cheek and Clark's Motion for Leave to Amend Complaint and deny the Iron County Defendants' and Cedar City Defendants' motions.

## I. BACKGROUND

In their Complaint, Plaintiffs name thirty-one separate Defendants and allege numerous civil rights violations for actions allegedly taken by state, county, and city officials.

Plaintiffs allege that they are victims of persecution from a conspiracy orchestrated by Iron County Attorney, Scott Garrett.   Plaintiffs assert that Scott Garrett formed the conspiracy to retaliate, harass, intimidate, and threaten Plaintiffs, for refusing to accept plea bargains and defending against the states' allegations.  As a result of the conspiracy, Plaintiffs allege to have suffered deprivations of their rights.

Cheek and Clark allege to have suffered constitutional deprivations as a result of actions taken by the remaining Iron County Defendants and Cedar City Defendants on or about April 8th and 9th of 2010.  The parties dispute whether the offending actions were the result of the investigation of violations that led to convictions against Cheek and Clark.

Plaintiff Braun alleges that he first suffered deprivations of his rights as a result of a traffic stop on November 20, 2008.  According to Braun, during the stop he suffered an epileptic seizure and was subsequently tased twice by officer C. Garrison and restrained by several other

---

[4]Docket No. 79.

Cedar City officers, causing him serious injury.  Braun was arrested and booked into the Iron

County Jail on several charges, including assault on a police officer.

Braun also alleges that he was falsely accused of an alleged gun sale in February of 2010.

According to Braun, the remaining Iron County Task Force used flash bang grenades to blow in

Braun's windows and doors, destroying the house and leaving it open to burglars.

## II.  DISCUSSION

### A.    MOTION TO STAY

The Iron County Defendants argue that Braun's claims should be stayed during the

pendency of state charges.  The Iron County Defendants further argue that if Braun is convicted

of the state charges, his § 1983 claims should be dismissed.  Braun contends that "[c]ivil and

criminal actions are two entirely separate and distinct legal systems not tied together, nor does it

matter if the person is charged, convicted or incarcerated."[5]

The Supreme Court in *Heck v. Humphrey*,[6] held:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeus corpus.[7]

"'But if the district court determines that the plaintiff's action, even if successful, will *not*

demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action

_____

[5]Docket No. 68, at 1.

[6]512 U.S. 477 (1994).

[7]*Id*. at 486-87.

3

should be allowed to proceed, in the absence of some other bar to the suit."[8]  The Tenth Circuit has extended the application of *Heck* to include § 1983 claims relating to pending charges where a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges.[9]  The Tenth Circuit instructed that "[s]uch claims arise at the time the charges are dismissed."[10]

In the instant case, the parties do not dispute that there are state charges pending against Braun relating to the facts that give rise to his § 1983 claims.  As the Iron County Defendants properly assert, under *Heck*, Braun's claims should be stayed and dismissed to the extent that "a judgment in favor of [Braun] would necessarily imply the invalidity of his conviction or sentence."[11]  "[D]epending on their substance, *Heck* may apply to [Braun's] claims, making them premature."[12]  For such claims, Braun's argument that civil and criminal actions are two entirely separate and distinct legal systems is unavailing.

However, the Court will not apply "a blanket application of *Heck* to all of [Braun's] claims" because "*Heck* applies only to those claims that would necessarily imply the invalidity of any conviction that might have resulted from prosecution" of the alleged claims.[13]  For example, in "a civil suit for an unreasonable seizure predicated on the use of excessive force . . .

---

[8]*Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556-57 (10th Cir. 1999) (emphasis in original) (quoting *Heck*, 512 U.S. at 487).

[9]*Id*. at 557.

[10]*Id*.

[11]*Heck,* 512 U.S. at 487.

[12]*Beck*, 195 F.3d at 557.

[13]*Id*.

4

a plaintiff would not necessarily have to negate the element of the arrest's lawfulness to

prevail."[14]  Here, though Plaintiffs' Complaint is admittedly difficult to decipher, it does appear

that Braun has plead facts sufficient to maintain an action that would not necessarily imply the

invalidity of any possible state court conviction.

For the reasons provided above, the Iron County Defendants' Motion to Stay Claims of

Plaintiff Travis Braun will be denied and Braun's claims will be limited to those claims that will

not demonstrate the invalidity of any potential pending state court conviction.

B.      MOTION TO AMEND

Plaintiffs Cheek and Clark have filed a Motion for Leave to Amend Complaint.[15]  Cheek

and Clark assert that allowing them to "amend their complaint will bring greater judiciary

efficiency by discarding frivolous and/or improperly pled causes of action" and "will streamline

this litigation and allow the parties to focus on the primary issues in contention."[16]  Both the Iron

County Defendants and the Cedar City Defendants argue that "under the present circumstances,

the Court should deny Cheek and Clark's Motion to Amend."[17]

Federal Rule of Civil Procedure 15(a) provides the standard that must be met for a party

to amend its pleadings before trial.  It provides:

> A party may amend its pleading once as a matter of course within 21 days after
> serving it, or if the pleading is one to which a responsive pleading is required, 21
> days after service of a responsive pleading or 21 days after service of a motion
> under Rule 12(b), (e), or (f), whichever is earlier.  In all other cases, a party may

---

[14]*Martinez v. City of Albuquerque*, 184 F.3d 1123, 1125 (10th Cir. 1999).

[15]Docket No. 85.

[16]*Id.* at 1.

[17]Docket Nos. 94, at 4; *see also* Docket No. 97, at 4.

amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires*.[18]

Cheek and Clark's are not at a stage of the litigation at which they may amend their pleadings as a matter of course and, as previously stated, the opposing parties have opposed, not consented to Cheek and Clark's amendment.  Thus, Cheek and Clark must demonstrate that justice requires the Court to grant them leave to amend their Complaint.[19]

Cheek and Clark provide as the principle reason that the Court should allow them to amend their Complaint that they have retained new counsel and new counsel wishes to cure defects in the Complaint created by previous counsel.  Cheek and Clark also note that they have not amended their Complaint since obtaining new counsel.

Based on the reasoning provided and the procedural history of the case, the Court finds that allowing Cheek and Clark to amend their Complaint will best fulfill the requirements of justice in this instance.  As such, the Court will grant Cheek and Clark's Motion for Leave to Amend.

C.      DISMISSAL AND SUMMARY JUDGMENT

The Iron County Defendants' Motion to Dismiss and Cedar City Defendants' Motion for Summary Judgment are both premised on the same argument.  Both motions argue that Cheek and Clark's claims are a collateral attack on their state court convictions and, thus, are barred by

---

[18]Fed.R.Civ.P. 15(a) (emphasis added).

[19]Cheek and Clark state in their Motion for Leave to Amend that their Amended Complaint is attached as "Exhibit A".  The Court notes that no "Exhibit A" was filed with the Court and the Court has not received Cheek and Clark's Amended Complaint.

6

*Heck*.[20]  The Court will deny defendants' motions without prejudice pending the filing of Cheek and Clark's Amended Complaint.

## III. CONCLUSION

It is therefore

ORDERED that Iron County Defendants Motion to Stay Claims of Plaintiff Travis Braun (Docket No. 65.) is DENIED.  Moreover, it is

ORDERED that Cheek and Clark's Motion for Leave to Amend Complaint (Docket No. 85) is GRANTED.  Cheek and Clark are instructed to file their Amended Complaint with the Court within fourteen (14) days of filing of this order.  It is further

ORDERED that the Iron County Defendants' Motion to Dismiss Claims of Haylee Cheek and Michael Shane Clark (Docket No. 63) and Cedar City Defendants' Motion for Summary Judgment on the Claims of Plaintiffs Cheek and Clark (Docket No. 79) are DENIED without prejudice.  The parties are advised that the hearing previously set for September 19, 2011, is STRICKEN.

DATED:   August 31, 2011.

BY THE COURT:

TED STEWART
United States District Judge

---

[20]*See* Docket Nos. 64 & 80.