IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAYLEE CHEEK, et al.,<br><br>Plaintiffs,<br><br><br>vs.<br><br><br>SCOTT GARRETT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND<br>ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:10-CV-508 TS |

This matter is before the Court on Plaintiffs Haylee Cheek and Shane Clark's ("Cheek and Clark") Motion for Extension of Time to File Amended Complaint;[1] the remaining Iron County Defendants, Iron County Attorney Scott Garrett, Deputy County Attorney Jody Edwards, Sheriff Mark Gower, and law enforcement officers Melissa Fritz-Fuller, Dennis Wade Lee, and Skeen's (collectively "Iron County Defendants") Motion to Dismiss and Objection to Plaintiffs Haylee Cheek and Michael Shane Clark's Motion for Extension of Time to File an Amended Complaint;[2] the Cedar City Police Department, Robert D. Allinson, David McIntyre, Christopher Garrison, Matt Topham, Kevin Norrin, David Evans, and Justin Zufelt's (collectively "Cedar

---

[1]Docket No. 104.

[2]Docket No. 105.

City Defendants") Motion to Dismiss and Objection to Plaintiffs Haylee Cheek and Michael Shane Clark's Motion for Extension of Time to File an Amended Complaint;[3] the Cedar City Defendants' Motion to Strike Plaintiff Haylee Cheek and Michael Shane Clark's Proposed First Amended Complaint;[4] and the Iron County Defendants' Motion to Strike First Amended Complaint as to Cheek and Clark.[5]

For the reasons discussed more fully below, the Court will grant Plaintiffs Cheek and Clark's Motion for Extension of Time and deny Defendants' motions.

## I. BACKGROUND

On September 1, 2011, the Court granted Plaintiffs Cheek and Clark's Motion for Leave to Amend Complaint.[6]  Pursuant to its Order, the Court granted Plaintiffs Cheek and Clark fourteen days to file their Amended Complaint.  Plaintiffs Cheek and Clark failed to file their Amended Complaint within the fourteen days prescribed by the Court.  During this time, Plaintiffs Cheek and Clark executed a subpoena duces tecum in violation of the rules of discovery.

On September 26, 2011, Plaintiffs Cheek and Clark filed a motion for extension of time to file their Amended Complaint.  Plaintiffs Cheek and Clark's Motion for Extension of Time was based partially on the need to review documents obtained through the improper subpoena. In response, both the Iron County and Cedar City Defendants objected to Plaintiffs Cheek and

---

[3]Docket No. 108.

[4]Docket No. 112.

[5]Docket No. 114.

[6]*See* Docket Nos. 85 & 102.

Clark's request for additional time and also moved the Court to Dismiss Plaintiffs Cheek and Clark's Complaint for failing to comply with the Court's Order and for violation of the Federal Rules of Civil Procedure.  On September 30, 2011, Plaintiffs Cheek and Clark filed their Amended Complaint.  The Iron County and Cedar City Defendants then filed motions to strike Plaintiffs Cheek and Clark's Amended Complaint.

## II.  DISCUSSION

Defendants' motions are premised on the same arguments.  Defendants assert that Plaintiffs Cheek and Clark's original Complaint should be dismissed and their Amended Complaint stricken on the grounds that Plaintiffs Cheek and Clark have failed to abide by this Court's Order and violated the Federal Rules of Civil Procedure.

Defendants argue that Federal Rule of Civil Procedure 41(b) provides for the dismissal of Plaintiffs Cheek and Clark's Complaint.  Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The Tenth Circuit has identified certain factors to consider in determining whether a dismissal under Rule 41(b) is warranted.  These factors include: (1) the degree of actual prejudice; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[7]

On balance of these factors, the Court finds that dismissal of Plaintiffs Cheek and Clark's Complaint is not warranted.  Most notably, the Court has not previously warned Plaintiffs Cheek

---

[7]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

and Clark that dismissal of the action would be a likely sanction for noncompliance.  The Court also is not convinced that lesser sanctions would not be effective in ensuring Plaintiffs Cheek and Clark's future compliance to its orders and the federal rules.[8]  Moreover, while Plaintiffs Cheek and Clark are culpable, the Court is not persuaded that their actions resulted in such actual prejudice to Defendants and interference with the judicial process sufficient to justify the extreme remedy of dismissal.  Therefore, the Court will deny Defendants' Motions to Dismiss.

On substantially the same grounds articulated above, Defendants move to strike Plaintiffs Cheek and Clark's Amended Complaint.  Defendants' Motions to Strike and Plaintiffs Cheek and Clark's Motion for Extension of Time are interrelated.

In its previous Order, the Court granted Plaintiffs Cheek and Clark leave to Amend their Complaint over the Defendants' objections.  In that Order, the Court emphasized for the parties that Federal Rule of Civil Procedure 15(a) instructs that "*[t]he Court should freely give leave* [to amend] *when justice so requires*."[9]  In *Minter v. Prime Equipment Co.*,[10] the Tenth Circuit instructed that "[t]he purpose of [Rule 15(a)] is to provide litigants 'the maximum opportunity

---

[8]On this point, the Court notes that lesser sanctions are available to discourage discovery violations.  *See* Fed. R. Civ. P. 37(f).  However, since Defendants have not moved for such sanctions, the Court will not *sua sponte* engage in an analysis to determine whether such are merited.

[9]Docket No. 102, at 6 (emphasis in original).

[10]451 F.3d 1196 (10th Cir. 2006). The Tenth Circuit reviewed a district court's decision to deny a plaintiff's motion to amend and strike plaintiff's amended claim from the pre-trial order.  The Tenth Circuit reversed the district court's order striking plaintiff's amended claim.

4

for each claim to be decided on its merits rather than on procedural niceties.'"[11]   In *Foman v. Davis*,[12] the Supreme Court held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."[13]

Here, Plaintiffs Cheek and Clark filed their Amended Complaint, at most, twelve days beyond the time allowed by the Court.  The Court is not persuaded that a twelve-day-delay constitutes "undue delay."  Moreover, while the Court does not condone Plaintiffs Cheek and Clark's actions in failing to abide by its Order and in violating the rules of discovery, the Court cannot find that such constitutes "bad faith or dilatory motive."  Nor do the facts of this case constitute "repeated failures to cure deficiencies."  Plaintiffs Cheek and Clark have indeed now filed their Amended Complaint that provides for the dismissal of many of the Defendants involved in the instant motions.[14]  Lastly, the Court finds that Defendants will not be "unduly prejudiced" by virtue of the allowance of the amendment.

For the foregoing reason, the Court will grant Plaintiffs Cheek and Clark's Motion for Extension of Time and deny the Defendants' Motions to Strike.  Plaintiffs, however are warned

---

[11]*Id*. at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp*., 691 F.2d 449, 456 (10th Cir. 1982)).

[12]371 U.S. 178 (1962).

[13]*Id*. at 182.

[14]*See* Docket No. 110.

that this Court will hereafter require strict compliance with the Federal Rules of Civil Procedure, Rules of Practice of this District Court, and all stipulated deadlines of the parties hereinafter stipulated to.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs Cheek and Clark's Motion for Extension of Time to File Amended Complaint (Docket No. 104) is GRANTED.  It is further

ORDERED that the Iron County Defendants' Motion to Dismiss and Objection to Plaintiffs Haylee Cheek and Michael Shane Clark's Motion for Extension of Time to File an Amended Complaint (Docket No. 105) is DENIED.  It is further

ORDERED that the Cedar City Defendants' Motion to Dismiss and Objection to Plaintiffs Haylee Cheek and Michael Shane Clark's Motion for Extension of Time to File an Amended Complaint (Docket No. 108) is DENIED.  It is further

ORDERED that the Cedar City Defendants' Motion to Strike Plaintiff Haylee Cheek and Michael Shane Clark's Proposed First Amended Complaint (Docket No. 112) is DENIED.  It is further

ORDERED that the Iron County Defendants' Motion to Strike First Amended Complaint as to Cheek and Clark (Docket No. 114) is DENIED.

DATED:   January 13, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge