IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAYLEE CHEEK, et al., <br><br>     Plaintiffs, <br><br> vs. <br><br> SCOTT GARRETT, et al., <br><br>     Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS <br><br><br><br> Case No. 2:10-CV-508 TS |

This matter is before the Court on the Iron County Defendants' Motion to Dismiss Plaintiff Cheek's Ninth Cause of Action as to Judge Margaret Miller and Iron County Attorney Scott Garrett.[1]  Also before the Court is Plaintiff Travis Braun's Motion for a Settlement Conference[2] and Interim Motion for Hearing re Settlement Conference.[3]  For the reasons discussed more fully below, the Court will grant the Iron County Defendants' Motion to Dismiss and Plaintiff Travis Braun's Motions for a Settlement Conference.

---

[1]Docket No. 129.

[2]Docket No. 120.

[3]Docket No. 132.

1

I.  BACKGROUND

This dispute involves an alleged conspiracy formed by Iron County Attorney Scott Garrett ("Defendant Garrett") to retaliate, harass, intimidate, and threaten Plaintiffs Travis Braun, Haylee Cheek and Michael Shane Clark, for refusing to accept plea bargains and defending against the state's allegations.  As a result of this conspiracy, Plaintiffs allege they suffered deprivations of their federal and state constitutional rights.

Plaintiffs Haylee Cheek and Michael Shane Clark (referred to hereinafter as "Cheek and Clark") recently obtained new counsel and, with permission of the Court, filed their First Amended Complaint.[4]  The ninth cause of action of Cheek and Clark's Amended Complaint alleges a deprivation of rights under Article I, Section 9 of the Utah Constitution for Excessive Bail.  This cause of action relates specifically to actions allegedly taken by Defendant Garrett and Iron County Justice Court Judge Margaret Miller ("Judge Miller") in requiring bail of $50,000 for Plaintiff Cheek's release on a Class B misdemeanor charge.  Plaintiffs Cheek and Clark allege that this amount is well in excess of the amount normally set for bail on a Class B misdemeanor charge.

The Iron County Defendants move this Court to dismiss Plaintiffs Cheek and Clark's ninth cause of action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c). Plaintiffs Cheek and Clark have not opposed the Iron County Defendants' Motion.

II.  STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from

---

[4]Docket No. 110.

conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[5] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[6] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9] As the *Iqbal* Court stated, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief."[10]

---

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[8] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[9] *Miller*, 948 F.2d at 1565.

[10] *Iqbal*, 129 S. Ct. at 1949-50 (alteration in original) (internal quotation marks and citations omitted).

In considering a motion to dismiss under 12(c), the Court applies the same standard set out above.

### III.  DISCUSSION

A.  MOTION TO DISMISS

The Iron County Defendants assert that this Court should dismiss Plaintiffs Cheek and Clark's ninth cause of action because Defendant Garrett and Judge Miller enjoy absolute immunity from such claims.

1.  DEFENDANT GARRETT

Defendant Garrett is the Iron County Attorney.  Therefore, he is immune from suit for those activities "intimately associated with the judicial phase of the criminal process."[11] Defendant Garrett "bears the burden of showing that such immunity is justified for the function in question."[12]  Thus, this issue turns on whether Defendant Garrett has demonstrated that his decision to seek a bail amount well above that normally set is a decision intimately associated with the judicial phase of the criminal process.

In *Lerwill v. Joslin*,[13] the Tenth Circuit addressed this issue.  In that case, plaintiffs asserted that a prosecutor violated their Eighth Amendment right to be free from excessive bail by requesting that their bail be set particularly high.[14]  The *Lerwill* court found that the

---

[11] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

[12] *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citations omitted).

[13] 712 F.2d 435 (10th Cir. 1983).

[14] *See id.* at 437.

4

prosecutor's action in "seeking a particular bail amount [was] part of his 'initiation and presentation' of a prosecution" and granted the prosecutor absolute immunity from suit.[15]

This Court finds the reasoning and facts of *Lerwill* particularly on point. For this reason, the Court finds that Defendant Garrett's action in seeking the bail amount sought in Plaintiff Cheek's case was an act intimately associated with the judicial phase of the criminal process. It follows, then, that Defendant Garrett is entitled to absolute immunity from a civil suit for damages premised on that act.

    2.    JUDGE MILLER

As a state court judge, Judge Miller "is absolutely immune from liability for damages for acts performed in [her] judicial capaciti[y] and committed within [her] judicial jurisdiction."[16] Here, Judge Miller is "clearly protected by absolute immunity" because the setting of bail implicates "actions taken in [a] judges' judicial capacity" and "not in absence of all jurisdiction."[17] For this reason, the Court finds that Judge Miller is entitled to absolute immunity on Plaintiff's ninth cause of action.

    3.    CONCLUSION

In sum, the Court finds that Defendant Garrett and Judge Miller are entitled to absolute immunity and will, therefore, grant the Iron County Defendants' Motion to Dismiss.

---

[15] *Id*. at 438-41.

[16] *Sanders v. Leavitt*, 37 P.3d 1052, 1056 (Utah 2001).

[17] *Sawyer v. Gorman*, 317 F. App'x 725, 727-28 (10th Cir. June 20, 2008) (unpublished).

B.     MOTION FOR SETTLEMENT

Plaintiff Travis Braun has filed two motions requesting that this Court refer his claims to a magistrate judge for a settlement conference. Defendants have not opposed Plaintiff Travis Braun's Motions, however, the Iron County Defendants do object to the "facts" contained in Plaintiff Travis Braun's original Motion for Settlement. The Court agrees with the Iron County Defendants that the "facts" Plaintiff Travis Braun alleges provide a basis for the settlement conference are better characterized as allegations remaining to be proved.

The Iron County Defendants also object to any settlement conference that does not include all Plaintiffs. Plaintiffs Cheek and Clark have filed a notice of non-opposition and indicated their willingness to participate in a settlement conference before a magistrate judge. Given the parties' stipulation, the Court will refer this matter to a settlement conference before a magistrate judge.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Iron County Defendants' Motion to Dismiss Plaintiff Cheek's Ninth Cause of Action as to Judge Margaret Miller and Iron County Attorney Scott Garrett (Docket No. 129) is GRANTED. It is further

ORDERED that Plaintiff Travis Braun's Motions for a Settlement Conference (Docket Nos. 120 and 132) are GRANTED. The Court will, by separate order, send the parties to a settlement conference.

DATED   July 13, 2012.

                                        BY THE COURT:

                                        _____
                                        TED STEWART
                                        United States District Judge